GibUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    )
                            Plaintiff,        )
                                              )      Nos.   1:16-cr-37-01
                                              )             1:16-cr-84
-v-                                           )
                                              )      Honorable Paul L. Maloney
DERRICK J. GIBSON,                            )
                            Defendant.        )
_____      )

## ORDER GRANTING MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

Defendant Gibson requests the court modify a condition of supervised release. Defendant filed this motion in two cases: 1:16cr37 (ECF No. 1590) and 1:16cr84 (ECF No. 124).[1] The court will grant the motions.

The court sentenced Defendant in two criminal cases. In both cases, the court imposed a term of imprisonment followed by three years of supervised release. As part of the special conditions of supervision, the court ordered Defendant serve the first six months of supervised release on home detention, except for certain activities.

Defendant asks the court to modify this special condition of supervised release. Defendant explains that because of COVID and First Step Act custody decisions and calculations, he already served 18 months on home confinement prior to his anticipated release. The Probation Office does not oppose Defendant's request. The Probation Officer

---

[1] All citations to the record will reference the documents in the earlier filed criminal action, 1:16cr37.

confirms that the Office has monitored Defendant on home confinement since October 2025.

The court has the authority to grant the relief sought by Defendant.  In 18 U.S.C. § 3583(e)(2), a court may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the Federal Rules of Criminal Procedure ...."  Before granting relief under § 3583(e), the court must consider certain factors under § 3553(a).  18 U.S.C. § 3583(e).  Rule 32.1 of the Federal Rules of Criminal Procedure permits a court to modify the conditions of supervised release.  Taken together, § 3583(e)(2) and Rule 32.1 "allow courts to respond flexibly to unforeseen changes in the circumstances of the defendant."  *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997).

The court finds that the relevant considerations support Defendant's request.  The court can infer that Defendant served more than six months of his term of imprisonment on home confinement.  The Probation Office has monitored Defendant on home confinement since October 2025.  The Bureau of Prisons website indicates that it released Defendant on June 4, 2026, to begin serving his term of supervised release.  The purpose of placing Defendant on home confinement has been met.  And, the Probation Office does not oppose the request.  The court notes that Defendant's employer provided a character reference and states that Defendant has been gainfully employed since July 2024 and has "consistently demonstrated exemplary behavior and a commendable work ethic."  ECF No. 1590-1 PageID.9980.  To the extent any of the § 3553(a) factors weighed in favor of imposing the

condition of six months of home confinement, that purpose has been served.  None of the § 3553(a) factors weigh against the relief Defendant seeks.

Accordingly, the court **GRANTS** Defendant's request to modify the terms of supervised release.  ECF No. 1590 in 1:16cr37; ECF No. 124 in 1:16cr84.  The court removes the special condition of serving the first six months of supervised release on home detention.  **IT IS SO ORDERED.**

Date:    July 15, 2026                                          /s/  Paul L. Maloney
                                                                     Paul L. Maloney
                                                                     United States District Judge